UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24013-CIV-GAYLES/TURNOFF

PHILLIP TORRES,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion and Memorandum in Support of Motion to Dismiss Amended Complaint [ECF No. 15]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND[1]

Plaintiff Phillip Torres is an employee of Defendant Miami-Dade County. In 2010, Plaintiff filed an employment discrimination lawsuit against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"). In the State Court action, Plaintiff alleged that from 2009 through 2010, Defendant demoted him three times, due to his age, national origin, perceived disability, and/or in retaliation for his opposition to unlawful employment practices. Plaintiff also asserted a hostile work environment claim. On November 13, 2012, the State Court

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations as true. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

granted summary judgment in favor of Defendant and, on October 8, 2014, Florida's Third District Court of Appeal affirmed.

On October 27, 2015, Plaintiff filed this action alleging, in a sprawling 54-page complaint, that Defendant had discriminated against him. The Court dismissed the Complaint for failing to set forth a "short and plain statement" of Plaintiff's claim as required by Federal Rule of Civil Procedure 8. Plaintiff has now filed an Amended Complaint setting forth claims for (1) age discrimination in violation of Title VII and the Florida Civil Rights Act ("FCRA"), (2) retaliation in violation of Title VII and the FCRA, (3) whistleblower retaliation in violation of 5 USC § 9701, the Florida Whistleblower Act, and the Miami-Dade County Code, (4) hostile work environment, and (5) perceived disability discrimination in violation of the Americans with Disabilities Act and the FCRA. Defendant moves to dismiss arguing that Plaintiff's complaint is a shotgun pleading and is barred by the doctrine of *res judicata*. Defendant also argues that Plaintiff has failed to exhaust administrative remedies for his Florida Whistleblower claim.

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant-unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556

U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

The bulk of Plaintiff's allegations relate to issues already litigated in the State Court action. The doctrine of *res judicata* bars Plaintiff from "filing claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).   The Court looks at four elements to determine if claims were or could have been raised in an earlier proceeding: (1) was there a final judgment on the merits; (2) was the decision rendered by a court of competent jurisdiction; (3) were the parties identical in both actions; and (4) was the same cause of action involved in both cases. *Id.*  With regard to the fourth element, cases "aris[ing] out of the same nucleus of operative fact, or [] based upon the same factual predicate" involve the same cause of action. *Id.*

The State Court's summary judgment arose out of Plaintiff's allegations that Defendant demoted him three times due to his age, perceived disability, national origin, and/or in retaliation for his opposition to Defendant's unlawful practices.  Plaintiff attempts to distinguish the applicable time period for his state and federal claims, yet he relies on many of the same operative "facts" from the State Court action in this action.  As a result, the doctrine of *res judicata* appears to bar Plaintiff's claims. *Id.*

Although not entirely clear, Plaintiff appears to assert that Defendant retaliated against him after the State Court's judgment. It is possible that these claims are not barred. *See Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998) (*res judicata* did not bar discrimination claims based on hiring decisions occurring after the filing of a prior claim). However, due to pleading deficiencies, the Court is unable to make this determination. Plaintiff's Amended Complaint presents a tangled mess of allegations, incorporating a "kitchen sink" of "facts" into each Count. In addition, Plaintiff lumps claims for violations of federal and Florida statutes into single counts. Plaintiff has violated Federal Rule of Civil Procedure 8, which mandates a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Accordingly, Plaintiff's Amended Complaint must be dismissed.[2]

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion and Memorandum in Support of Motion to Dismiss Amended Complaint [ECF NO. 15] is **GRANTED**. The Amended Complaint is **DISMISSED** without prejudice. Should Plaintiff wish to file a Second Amended Complaint in compliance with the Federal Rules of Civil Procedure and this Order, he must do so on or before February 24, 2017. It is further

---

2   Due to the Amended Complaint's lack of clarity, the Court cannot ascertain whether Plaintiff failed to exhaust the administrative remedies necessary to pursue a whistleblower claim under Florida Statute § 112.

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes. The Court will reopen the case if Plaintiff presents an actionable claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2017

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE