# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 15-24013-CIV-GAYLES/TURNOFF

PHILLIP TORRES,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion and Memorandum in Support of Motion to Dismiss Second Amended Complaint [ECF No. 20]. The Court has carefully reviewed the Motion, the record, and the applicable law. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND[1]

Plaintiff Phillip Torres is an employee of Defendant Miami-Dade County. In 2010, Plaintiff filed an employment discrimination lawsuit against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court"). In the State Court action, Plaintiff alleged that from 2009 through 2010, Defendant demoted him three times due to his age, national origin, perceived disability, and/or in retaliation for his opposition to unlawful employment practices. Plaintiff also asserted a hostile work environment claim. On November 13, 2012, the State Court

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations as true. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

granted summary judgment in favor of Defendant and, on October 8, 2014, Florida's Third District Court of Appeal affirmed.

On October 27, 2015, Plaintiff filed this action alleging, in a sprawling 54-page Complaint, that Defendant had discriminated against him. The Court dismissed the Complaint for failing to set forth a "short and plain statement" of Plaintiff's claim as required by Federal Rule of Civil Procedure 8. Plaintiff then filed an Amended Complaint setting forth claims for (1) age discrimination in violation of Title VII and the Florida Civil Rights Act ("FCRA"), (2) retaliation in violation of Title VII and the FCRA, (3) whistleblower retaliation in violation of 5 USC § 9701, the Florida Whistleblower Act, and the Miami-Dade County Code, (4) hostile work environment, and (5) perceived disability discrimination in violation of the Americans with Disabilities Act and the FCRA. The Court dismissed the bulk of Plaintiff's claims as barred by the doctrine of *res judicata*. The Court noted that Plaintiff might have a retaliation claim against Defendant based on conduct after the State Court's judgment, but that he had failed to sufficiently allege any such claims.

On February 23, 2017, Plaintiff filed a Second Amended Complaint alleging violations of 5 U.S.C. § 9701 and Florida Statute § 112.3187. In particular, Plaintiff asserts that Defendant refused to reinstate him to his previous position in retaliation for his complaints about Defendant's conduct. On March 8, 2017, Defendant moved to dismiss, arguing that Plaintiff fails to allege a claim for retaliation under 5 U.S.C. § 9701 as it applies to organizational units for the Department of Homeland Security and that Plaintiff failed to exhaust administrative remedies for his Florida Whistleblower claim.

## **ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant-unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## Federal Claim

In Count I, Plaintiff alleges whistleblower retaliation in violation of 5 U.S.C. § 9701. Section 9701 is a federal statute that applies to employees of the Department of Homeland Security. As Plaintiff is not an employee of the Department of Homeland Security, the statute has no application to him. Therefore, Count I is dismissed with prejudice.

## State Claim

Because the Court has dismissed Plaintiff's federal claim, it declines to exercise jurisdiction over Plaintiff's state law whistle blower claim. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any

remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ( "Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Accordingly, Count II is dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion and Memorandum in Support of Motion to Dismiss Second Amended Complaint [ECF NO. 20] is **GRANTED** as follows:

1. Count I of the Second Amended Complaint is DISMISSED with prejudice;

2. Count II is DISMISSED without prejudice as the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE