# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24013-CIV-GAYLES

PHILLIP TORRES,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Amended Motion to Dismiss Second Amended Complaint (the "Motion") [ECF No. 35]. The Court has carefully reviewed the Motion, the record, the Eleventh Circuit's Mandate, and the applicable law. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

## BACKGROUND

The factual background of this case has been detailed extensively by this Court in its prior orders and in the Eleventh Circuit's Opinion in *Torres v. Miami-Dade County, Fla.*, 734 Fed. App'x 688 (11th Cir. 2018), which the Court incorporates herein by reference.

In 2010, Plaintiff filed an employment discrimination lawsuit against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging that Defendant demoted him three times due to his age, national origin, perceived disability, and/or in retaliation for his opposition to unlawful employment practices. On November 13, 2012, the state court granted summary judgment in favor of Defendant and, on October 8, 2014, Florida's Third District Court of Appeal affirmed.

A year later, on October 27, 2015, Plaintiff filed this action bringing similar claims. [ECF No. 1]. The Court dismissed the Complaint for failing to set forth a "short and plain statement" of Plaintiff's claim as required by Federal Rule of Civil Procedure 8. [ECF No. 13]. Plaintiff filed an Amended Complaint setting forth multiple claims under federal and state law. [ECF No. 14]. The Court dismissed Plaintiff's Amended Complaint finding that *res judicata* barred Plaintiff's claims as they had been previously addressed by the state court judgment. [ECF No. 18]. Finally, Plaintiff filed his Second Amended Complaint on February 23, 2017, alleging violations for whistleblower retaliation under 5 U.S.C. § 9701—a statute applicable to Department of Homeland Security employees—and Florida Statute § 112.3187. [ECF No. 19]. On Defendant's motion, the Court dismissed Plaintiff's claims for a third time finding that § 9701 did not apply to Plaintiff because he was not an employee of the Department of Homeland Security and declining to exercise supplemental jurisdiction over Plaintiff's state law claim. [ECF No. 23].

On appeal, the Eleventh Circuit vacated the Order and remanded the case with instructions to address Plaintiff's claim for "'whistleblower retaliation' as alleging a § 1983 claim for retaliation in violation of the First Amendment." *See Torres*, 734 Fed. App'x at 692. This Court held a status conference on June 27, 2018, wherein Plaintiff opted to proceed under the Second Amended Complaint. In its Amended Motion to Dismiss [ECF No. 35], Defendant argues that Plaintiff's requests for attorney's fees and compensatory damages are improper.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it

2

demands more than unadorned, the defendant-unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## **DISCUSSION**

A. <u>Whistleblower Retaliation—§ 1983 Claim</u>

On remand, the trial court must enter an order in strict compliance with a mandate from an appellate court. *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). In this case, the Eleventh Circuit directed the Court to determine whether Count I of Plaintiff's Second Amended Complaint can be construed as a § 1983 claim for retaliation in violation of the First Amendment. *Torres*, 734 Fed. App'x at 692. The Eleventh Circuit specifically declined to address whether the allegations in the Second Amended Complaint were sufficient to state a plausible claim for relief under § 1983 and, instead, left that for this Court to determine on remand. *Id.* at n.2. While Defendant's Motion does not directly address the issue of whether Plaintiff states a claim under § 1983, the Court may do so under the clear instructions of the Eleventh Circuit.

3

Whether an employee's speech is protected under the First Amendment depends on whether "(1) he spoke as a citizen, rather than an employee, and (2) on a matter of public concern. Whether an employee is speaking as a 'citizen' depends primarily. . .on 'whether the employee's statements or expressions were made pursuant to her official duties.' Matters of 'public concern' are those that are 'subject[s] of general interest and of value to the public.'" *Torres*, 734 Fed. App'x at 691–92 (internal citations and quotations omitted). The critical question "is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Lane v. Franks*, 573 U.S. 228, 240–41 (2014). "Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest." *Id.* (internal quotation marks and citations omitted).

In *Lane*, the Supreme Court held that a state employee's speech was protected where he testified pursuant to a subpoena as to matters observed within his official capacities and such testimony was made "outside the scope of his ordinary job duties." *Id.* at 238. The Supreme Court also held that "[t]he content of Lane's testimony—corruption in a public program and misuse of state funds—obviously involves a matter of significant public concern." *Id.* at 241 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006)). Here, Plaintiff's complaints to government officials were not made pursuant to his official duties as an engineer with the Miami-Dade Water and Sewer Department. Moreover, as in *Lane*, the substance of Plaintiff's complaints specifically relate to "corruption in a public program and misuse of state funds" so as to satisfy the second prong that the matter be one of public concern. *Id.* at 241. Therefore, Plaintiff states a claim for whistleblower retaliation under § 1983 in violation of the First Amendment.

B.  Florida Whistleblower Act Claim

In the prior Order dismissing Plaintiff's Second Amended Complaint, the Court did not address whether Plaintiff had adequately alleged a state law claim for violation of the Florida Whistleblower Act. [ECF No. 23]. "[T]o state a claim under the statute, a plaintiff must allege that (1) he or she engaged in a statutorily protected activity; (2) he or she suffered an adverse employment action; and (3) there existed a causal connection between the two events." *King v. Bd. of Comm'rs*, 226 F. Supp. 3d 1328, 1336 (M.D. Fla. 2016). The disclosure is protected if the information reveals "[a]ny act or suspected act of gross mismanagement, malfeasance, [or] misfeasance. . . committed by an employee or agent of an agency or independent contractor." *Id.* (quoting Fla. Stat. § 112.3187(5)). Plaintiff's Second Amended Complaint sufficiently alleges that Plaintiff suffered, and continues to suffer, a permanent demotion because of his written complaints against Defendant alleging acts of gross mismanagement, corruption, and wasteful spending. [ECF No. 19 at ¶¶ 1, 5, 15]. Accordingly, Plaintiff states a claim for whistleblower retaliation under Florida Statute § 112.3187.

C.  Attorney's Fees and Compensatory Damages

Plaintiff's request for attorney's fees [ECF No. 19 at ¶¶ 13(c), 16(c)] is denied as he is a *pro se*, non-lawyer, litigant not entitled to such fees. *See Kay v. Ehrler*, 499 U.S. 432, 345 (1991) ("The Circuits are in agreement, however, on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees."); *Celeste v. Sullivan*, 988 F.2d 1069, 1070 (11th Cir. 1992) ("*pro se* litigant who is not a lawyer is not entitled to attorney's fees."). Similarly, Plaintiff's request for compensatory damages under the Florida Whistleblower Act [ECF No. 19 at ¶ 16(b)] is also denied to the extent that Plaintiff seeks damages other than claims for lost wages, benefits, or lost remuneration. *See* Fla. Stat. § 112.3187(9)(c); *Burden et al. v. City of Opa Locka, Fla.*, No. 11-cv-22018, 2012 WL 12865849, at *3 (S.D. Fla. June 25, 2012) (under the Florida Whistleblower Act,

5

"[p]laintiffs may not recover damages for emotional distress and humiliation.").

## **CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Amended Motion to Dismiss Second Amended Complaint [ECF No. 35] is granted in part and denied in part as follows:

1. Defendant's Amended Motion to Dismiss Counts I and II for failure to state a claim is **DENIED**.

2. Plaintiff's request for attorney's fees is **DENIED**.

3. Plaintiff's request for compensatory damages under the Florida Whistleblower Act beyond those for lost wages, benefits, or lost remuneration is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE